**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: CHOCOLATE CONFECTIONARY ANTITRUST LITIGATION | : : : : | MDL DOCKET NO. 1935 (Civil Action No. 1:08-MDL-1935) (Judge Conner) |
| THIS DOCUMENT APPLIES TO: | : : : | |
| DIRECT PURCHASER ACTIONS | : : | |

**CASE MANAGEMENT ORDER NO. 4A
RE:  APPOINTMENT OF COUNSEL FOR
DIRECT PURCHASER PLAINTIFFS**

AND NOW, this 19th day of June, 2008, upon consideration of the motions for appointment of counsel (Docs. 266, 267, 274) filed by direct purchaser plaintiffs, and the court having expressed an expectation during the initial case management conference that direct purchaser plaintiffs would reach an accord with regard to their proposed management structure, (see Doc. 235 at 7-12), and it appearing that they have nevertheless arrived at an impasse, that subgroups of direct purchaser plaintiffs have emerged, each of which has nominated separate interim co-lead counsel, that the subgroup identified as the majority direct purchaser plaintiffs has proposed an interim co-lead counsel team comprised of four law firms, (see Doc. 274), and that certain other subgroups have proffered interim co-lead counsel teams of two law firms, (see, e.g., Docs. 266, 267), and the court concluding that appointment of four firms as interim co-lead counsel would result in an unwieldy, duplicative management structure, and that it is therefore appropriate to impose certain parameters on the nomination process that will facilitate evaluation of those

nominated and enable the court to appoint an efficient management structure for direct purchaser plaintiffs, it is hereby ORDERED that:

1. The motions for appointment of counsel (Docs. 266, 267, 274) are DENIED without prejudice to direct purchaser plaintiffs' right to re-file them in accordance with the provisions of the following paragraph.

2. On or before July 3, 2008, the direct purchaser plaintiffs shall file renewed motions for appointment of counsel. The motions shall comply with the following requirements:

    a. Each motion shall nominate no more than two law firms to serve as interim co-lead counsel and shall nominate one law firm to serve as local counsel.

    b. The substance of the motions shall otherwise be governed by the provisions of Paragraph 1.a of Case Management Order No. 4 (Doc. 225).

3. On or before July 10, 2008, any party may file objections to the motions for appointment described in Paragraph 2.

4. Nothing contained herein forecloses realignment of the constituent subgroups of direct purchaser plaintiffs or prevents all direct purchaser plaintiffs from filing a single, unanimous motion for appointment.

5. Nothing contained herein affects the motions for appointment (Docs. 233, 258, 259, 276, 318) filed by the indirect business purchaser plaintiffs, indirect end user plaintiffs, or individual plaintiffs, nor does this order authorize the filing of additional motions by members of these plaintiff groups.[1]

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

---

[1] The court anticipates that it will simultaneously appoint counsel for all plaintiff groups after receipt of the filings described in Paragraphs 2 and 3.