IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: CHOCOLATE CONFECTIONARY ANTITRUST LITIGATION | : MDL DOCKET NO. 1935<br>: (Civil Action No. 1:08-MDL-1935)<br>:<br>: (Judge Conner) |
| THIS DOCUMENT APPLIES TO: | : |
| ALL CASES | : |

**<u>ORDER</u>**

AND NOW, this 18th day of November, 2008, upon consideration of the motion to intervene (Doc. 494) pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, in which the Government of Canada seeks to participate in the above-captioned matter for the limited purpose of preserving the confidentiality of evidence produced by defendants to Canadian antitrust officials during an ongoing criminal antitrust investigation,[1] (<u>see</u> Doc. 495 at 2-3), and it appearing that a third party seeking to intervene under Rule 24(a)(2) "must establish 1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and 4) that the existing parties to the action do not adequately represent the prospective intervenor's interests," <u>Liberty Mut. Ins. Co. v. Treesdale</u>,

---

[1] Of the four plaintiff groups, only the individual plaintiffs oppose the motion to intervene, asserting that the court should hear the Canadian government as *amicus curiae* rather than as intervenor. (<u>See</u> Doc. 504.) The direct purchasers contest the confidentiality of materials that defendants produced to the Government of Canada but do not oppose its participation in this matter. (<u>See</u> Doc. 500 at 1.) Neither the indirect business purchasers nor the indirect end users filed or joined a brief in opposition to the motion intervene. Hence, it is deemed unopposed with respect to these plaintiff groups. <u>See</u> L.R. 7.6.

Inc., 419 F.3d 216, 220 (3d Cir. 2005); see also FED. R. CIV. P. 24(a)(2), In re Cmty. Bank of N. Va., 418 F.3d 277, 314 (3d Cir. 2005), and the court finding that the Canadian government's motion—filed approximately five weeks after plaintiffs' motion requesting discovery of the documents it seeks to protect—qualifies as timely,[2] that the Canadian government's interest in safeguarding the confidentiality of information gathered from defendants constitutes a "significantly protectable" interest supporting a right of intervention, Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir. 1995) (quoting Donaldson v. United States, 400 U.S. 517, 531 (1971)); Mun. Revenue Servs. v. Xspand, Inc., No. 4:CV05-0671, 2006 WL 2816602, at *2-3 (M.D. Pa. Sept. 28, 2006); see also In re Sealed Case, 237 F.3d 657, 663-64 (D.C. Cir. 2001),[3] that proceedings in the pending

---

[2] A court considers the totality of the circumstances when assessing the timeliness of a motion to intervene, and factors such as "the state of the proceeding," potential prejudice to the parties, and delay by the prospective intervenor guide the analysis. In re Cmty. Bank, 418 F.3d at 314. Here, the instant matter remains in its embryonic stages, and the Canadian government has exhibited no delay in filing its motion. The parties will suffer no prejudice if the court permits it to advocate for the confidentiality of the fruits of its criminal investigation. It has therefore filed a timely request to intervene.

[3] A prospective intervenor must establish the existence of a "tangible threat to a legally cognizable interest to have the right to intervene." Mountain Top Condo. Ass'n, 72 F.3d at 366 (quoting Harris v. Pernsely, 820 F.2d 592, 601 (3d Cir. 1987)); see also Diamond v. Charles, 476 U.S. 54, 75 (1986) (holding that intervenors must establish a "direct and concrete interest that is accorded some degree of legal protection"). An interest in protecting privileged or confidential information may satisfy this criterion, as may the interest of a law enforcement official if the case implicates the individual's official duties. Mun. Revenue Servs., at *2-3; see also In re Sealed Case, 237 F.3d at 663-64 (observing that a third party may intervene to protect the confidentiality of materials); Harris v. Reeves, 946 F.2d 214, 219-20 (3d Cir. 1991) (interpreting Pernsley, 820 F.2d at 596-600) (concluding that a law

action may impair or affect this interest because plaintiffs' request for discovery of these documents is seemingly antithetical to the Canadian government's efforts to maintain the confidentiality of a pending criminal investigation, see <u>Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.</u>, 54 F.3d 156, 162 (3d Cir. 1995) (observing that impairment focuses upon the "practical consequences of the litigation"); <u>In re Sealed Case</u>, 237 F.3d at 664 (recognizing that loss of confidentiality of previously undisclosed materials constitutes an impairment supporting intervention), and that none of the parties hereto adequately represent the Canadian government's

---

enforcement official may seek to intervene in an action bearing upon the duties of the official's government employment); <u>Western Res., Inc. v. Union Pac. R.R.</u>, No. 00-2043-CM, 2001 WL 1718370, at *2-3 (D. Kan. Sept. 12, 2005) (granting third party's motion to intervene for the limited purpose of protecting the confidentiality of its business contracts during litigation).

  In this matter, defendants have produced extensive materials in furtherance of the criminal investigation, and plaintiffs currently seek discovery of all pre-existing documents disclosed during this process. The Canadian government asserts that the disclosure of these documents could affect the integrity of its investigation. <u>See, e.g.</u>, Competition Act, R.S.C., ch. C-34 § 29(1)(a), (e) (1985); (Doc. 495, Ex. A ¶¶ 10-11; Doc. 495, Ex. B, attach. 1 ¶¶ 31-34; Doc. 495, Ex. B, attach. 2 ¶¶ 88-89.) It is unclear at this early stage whether items produced during the investigation will be subject to discovery as this matter progresses. However, the Canadian government possesses a significantly protectable interest in materials that impact an ongoing criminal investigation. This interest supports intervention under Rule 24(a)(2).

sovereign interest in maintaining the integrity of its criminal investigations,[4] it is

hereby ORDERED that:

1. The motion to intervene (Doc. 494), filed by the Government of Canada is GRANTED for the limited purpose of asserting the confidentiality or privilege of materials produced by defendants to Canadian antitrust enforcement officials.

2. The Clerk of Court is instructed to ADD the Government of Canada as an intervening defendant in the above-captioned matter.  See FED. R. CIV. P. 21.


     S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[4] A prospective intervenor must establish that its interest "so diverges from those of the representative party that the representative party cannot devote proper attention to the applicant's interest." United States v. Alcan Aluminum, Inc., 25 F.3d 1174, 1185 n.15 (3d Cir. 1994). "If the interest of the absentee is not represented at all, or if all existing parties are adverse to him, then he is not adequately represented." Mountain Top Condo. Ass'n, 72 F.3d at 368. In the instant matter, plaintiffs cannot adequately represent the Canadian government's interest because they have requested the disclosures to which it objects. Defendants, as private entities subject to investigation, are likewise ill-equipped to preserve the Canadian government's interest.