## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CHOCOLATE CONFECTIONARY ANTITRUST LITIGATION | : : : : : : : | MDL DOCKET NO. 1935 (Civil Action No. 1:08-MDL-1935) (Judge Conner) |
| THIS DOCUMENT APPLIES TO: | : : | |
| ALL CASES | : | |

### CASE MANAGEMENT ORDER NO. 9
### RE: JURISDICTIONAL DISCOVERY

AND NOW, this 4th day of March, 2009, upon consideration of plaintiffs' motion (Doc. 458) for resolution of preliminary discovery issues, and of the motions to dismiss (Docs. 466, 471, 474) for lack of personal jurisdiction filed by defendants Cadbury plc, Cadbury Holdings, Mars Canada, and Nestlé Canada, and for the reasons set forth in the memorandum and order of court (Doc. 582) issued on the date hereof, it is hereby ORDERED that:

1. **DISPOSITION OF THE MOTION FOR DISCOVERY.** The motion (Doc. 458) for resolution of preliminary discovery issues is GRANTED. Plaintiffs shall take jurisdictional discovery in accordance with the provisions of this order.

2. **JURISDICTIONAL DISCOVERY.** Plaintiffs shall engage in a period of jurisdictional discovery, which shall open on the date of this order and shall close at 5:00 p.m. on April 24, 2009. Discovery shall be taken in accordance with the following provisions:

    a.    **Requests for Production of Documents.**  Plaintiffs shall be permitted to serve their Preliminary Requests for Production of Documents (Doc. 458, Ex. A) immediately following issuance of this order.  Request for Production No. 1, (see Doc. 458, Ex. A at 7), shall be limited by Paragraph 2.d and by the parties' Stipulation and Order Concerning Resolution of the Discovery Objections Lodged by the Government of Canada, which is attached as Exhibit A hereto and made a part hereof.

    b.    **Depositions.**  Plaintiffs shall be permitted to notice depositions of any defendant, limited, however, to the jurisdictional issues delineated in the memorandum of court issued on the date hereof.  No limit shall be placed on the number of depositions plaintiffs may notice.[1]  The length of depositions shall be governed by Rule 30(d)(1).

    c.    **Other Forms of Discovery.**  Plaintiffs may utilize any other form of discovery that is permitted by the Federal Rules of Civil Procedure and consistent with Paragraph 2.d.

    d.    **Scope of Discovery**.  Discovery shall be limited to matters of jurisdictional relevance, as delineated by Part II.B of the memorandum of court issued on the date hereof.  The court expects that all parties will participate in a good faith effort to fashion discovery requests and responses thereto in a manner that will expedite resolution of the jurisdictional motions.  (See Doc. 582 at 51 n.38, 52 n.39, 53 nn.40-41.)

3.    **SUPPLEMENTAL BRIEFING.**  Following the close of jurisdictional discovery, the parties shall submit evidence and supplemental briefing on the motions to dismiss (Docs. 466, 471, 474) filed under Rule 12(b)(2).  Briefing shall be completed in accordance with the following rules:

---

[1] Absent compelling circumstances, the court suggests a limit of two depositions per defendant.

    a.    **Briefing Schedule**. The parties shall file supplemental briefs accompanied by simultaneous evidentiary submissions in accordance with the following schedule:

        i.    Plaintiffs shall file supplemental briefs in opposition on or before May 8, 2009.

        ii.    Defendants shall file supplemental briefs in reply on or before May 22, 2009.

    b.    **Length and Structure of Supplemental Briefs**. No brief shall exceed twenty-five (25) pages in length. The briefs need not include a procedural history, statement of facts, standard of review or any other material that duplicates the contents of the parties' previous filings. Legal arguments that have been fully discussed in previous materials should be recounted only to the extent necessary to provide context for evidentiary argument.

    c.    **Content of Supplemental Briefs**. The content of the supplemental briefs shall comply with the followings guidelines:

        i.    Supplemental briefs shall be limited to issues pertinent to the court's personal jurisdiction over Cadbury plc, Cadbury Holdings, Mars Canada, Nestlé S.A., and Nestlé Canada.

        ii.    Supplemental briefs shall also address whether the moving defendants are amenable to personal jurisdiction under the effects test of <u>Calder v. Jones</u>, 465 U.S. 783 (1984).[2]

        iii.    No further briefing shall be permitted with respect to issues arising under Rule 12(b)(6) or <u>Bell Atlantic Co. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955 (2007). The supplemental briefs may address plaintiffs' Sherman Act allegations only insofar as necessary to discuss the first element of the <u>Calder</u> effects test. (<u>See</u> Doc. 582 at 34-36.)

---

[2]The court expresses no opinion with regard to <u>Calder</u>'s applicability and has imposed this requirement because previous briefing provided a somewhat limited analysis of this doctrine.

4. **CLASS CERTIFICATION AND MERITS DISCOVERY TO REMAIN STAYED.** The discovery stay imposed by Case Management Order No. 1 (Doc. 19 ¶ 6) shall remain in effect except to the extent provided herein.

      S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge