# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: CHOCOLATE CONFECTIONARY ANTITRUST LITIGATION : : : : | MDL DOCKET NO. 1935 (Civil Action No. 1:08-MDL-1935) (Judge Conner) |
| THIS DOCUMENT APPLIES TO: : : INDIVIDUAL PLAINTIFFS : | |

## ORDER

AND NOW, this 24th day of September, 2010, following a status conference with counsel of record in the above-captioned case, and it appearing that Walgreen wishes to assert claims on behalf of Duane Reade, a pharmacy chain that Walgreen recently acquired and which recently has assigned its claims to Walgreen, and it further appearing that Walgreen wishes to assert Duane Reade's claims without amendment to Walgreen's complaint, and that Walgreen contends that there is no need to amend its complaint,[1] and the court noting that the instant litigation already encompasses Duane Reade's claims insofar as Duane Reade is a member of

---

[1] Walgreen's complaint states that Walgreen is asserting claims on behalf of its affiliates. Duane Reade was not affiliated with Walgreen at the time that Walgreen's complaint was filed, but Walgreen interprets the word affiliates to encompass present *and* future affiliates. Defendants argue that the meaning of affiliates cannot be stretched this far, and it contends that Walgreen must amend its complaint in order to assert Duane Reade's claims.
   The court is not persuaded by Walgreen's argument that, as a general rule, the word "affiliates" encompasses present and future affiliates. After considering all of the circumstances presented in the instant dispute, however, the court will not require Walgreen to make a formal amendment to its complaint in order to assert Duane Reade's claims. For the sake of efficiency and economy of resources, the court will interpret the language of Walgreen's complaint to encompass Duane Reade's claims.

the putative class of direct purchasers, and the court concluding that, under the circumstances, requiring an amendment to Walgreen's complaint would be a waste of the parties' and the court's resources, it is hereby ORDERED that Walgreen shall be permitted to assert the claims assigned to it by Duane Reade without amending its complaint.[2]

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] The court notes that Duane Reade's claims can be incorporated into the instant litigation almost seamlessly. The same will not likely be true of the claims of other entities that may, in the future, be acquired by, or otherwise become affiliated with, parties to this litigation. The court therefore directs that, henceforth, any party who wishes to assert additional claims on behalf of an affiliate shall present its request(s) through formal motion practice.