# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: CHOCOLATE CONFECTIONARY ANTITRUST LITIGATION | : MDL DOCKET NO. 1935<br>: (Civil Action No. 1:08-MDL-1935)<br>:<br>: (Judge Conner) |
| THIS DOCUMENT APPLIES TO:<br>ALL CASES | :<br>:<br>: |

## **ORDER**

AND NOW, this 4th day of April, 2011, upon consideration of the motion (Doc. 942) for a protective order to prevent plaintiffs from deposing John F. Mars ("Mr. Mars"), which was filed under seal by defendants Mars Snackfood U.S. LLC and Mars, Inc. (collectively, "Mars"), and it appearing that Mars seeks a protective order in order to protect itself and/or Mr. Mars from the "undue burden" that would accompany a deposition of Mr. Mars, see Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from . . . undue burden[.]"), and that Mars contends that plaintiffs have failed to make the requisite showings to depose a top-level corporate officer,[1] and it further appearing that plaintiffs argue

---

[1] In the absence of authority from the Third Circuit Court of Appeals on the issue, various courts in this circuit have assessed two factors when deciding whether to permit a litigant to depose a high-ranking corporate official: (1) whether the individual "has personal or unique knowledge on relevant subject matters" and (2) whether the litigant could obtain the information sought "from lower-level employees or through less burdensome means[.]" Ford Motor Co. v. Edgewood Properties, Inc., Civil Action No. 06-1278, 2011 WL 677331, at *2 (D.N.J. Feb. 15, 2011). Mars contends that Mr. Mars lacks unique knowledge of the facts at issue in this litigation, and that plaintiffs could obtain the information they seek from Mr. Mars through less burdensome means. (See Docs. 942, 945).

that they are entitled to depose Mr. Mars on the basis of his personal knowledge of matters that are relevant to this litigation, and that there is no adequate substitute for taking Mr. Mars's deposition, (see Doc. 956), and the court concluding that good cause has not been shown for issuance of a protective order, it is hereby ORDERED that the motion (Doc. 942) for a protective order is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge