IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: CHOCOLATE CONFECTIONARY ANTITRUST LITIGATION | : MDL DOCKET NO. 1935<br>: (Civil Action No. 1:08-MDL-1935)<br>:<br>: (Judge Christopher C. Conner) |
| THIS DOCUMENT RELATES TO : ALL DIRECT PURCHASER ACTIONS | : |

### [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH THE CADBURY DEFENDANTS

It is hereby ORDERED AND DECREED as follows:

The motion of Plaintiffs for preliminary approval of the proposed settlement with Cadbury plc, Cadbury Holdings, Ltd., and Cadbury Adams Canada, Inc. (collectively, "the Cadbury Defendants") is hereby GRANTED.

1. For purposes of the settlement with the Cadbury Defendants (and only for such purposes, without any impact upon the issues between any of the Plaintiffs

and any of the non-settling Defendants), the Court preliminarily finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied with respect to the Settlement Class. At this preliminary certification phase, and only for purposes of the settlement with the Cadbury Defendants, the Settlement Class is defined as follows:

> All persons and entities who directly purchased chocolate candy, for re-sale, from any Defendant or any predecessor, controlled subsidiary, affiliates or division of any Defendant, in the United States or for delivery into the United States at any time from December 9, 2002 through and including December 20, 2007. The Class is comprised of two components of direct purchasers: the Wholesale Direct Purchaser Component (who directly purchased chocolate candy for re-sale) and the Consumer Direct Purchaser Component (who directly purchased chocolate candy for personal consumption and/or as gifts), as defined in Paragraph 37 of the Direct Purchaser Class Plaintiffs' Consolidated Class Action Complaint. Excluded from the Settlement Class are governmental entities, Defendants, or any present or former parent, subsidiary or affiliate thereof. Also excluded from the Settlement Class are Meijer, Inc. Meijer Distribution, Inc., Publix Supermarkets, Inc., CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs Corp., Longs Drug Stores California, Inc., The Kroger Co., Safeway, Inc., Walgreen Co., Hy-Vee, Inc., Giant Eagle, Inc., Affiliated Foods, Inc., Food Lion, LLC, Hannaford Bros. Co., and Kash N' Karry Food Stores, Inc., HEB Grocery Company, LP, Albertson's LLC, Great Atlantic & Pacific Tea Company (A&P), Supervalu Inc., Golub Corp. d/b/a Price Chopper, Brookshire Grocery Co., and United Supermarkets LLC.

2. The Court concludes that, for the sole purpose of the settlement with the Cadbury Defendants, and without an adjudication on the merits, the Settlement Class is sufficiently well-defined and cohesive to merit preliminary approval. Neither this Order nor any final order regarding the settlement with the Cadbury

Defendants shall have any effect on the Court's consideration and determination of class certification or any other issue with respect to the non-settling Defendants.

3. Pursuant to Rule 23(a)(1), the Court determines that the Settlement Class is so numerous that joinder of all members is impracticable.

4. For purposes of preliminary approval, the commonality requirement of Rule 23(a)(2) is satisfied because Plaintiffs have alleged one or more questions of fact and law common to the Settlement Class, including whether the Cadbury Defendants violated the Sherman Antitrust Act, 15 U.S.C. § 1, et seq., by engaging in an unlawful conspiracy to fix, raise, maintain and/or stabilize prices of chocolate candy in the United States.

5. The Court hereby approves the following entities as Representative Plaintiffs of the Settlement Class pursuant to Rule 23(a)(3), and finds that, for settlement purposes only, these Representative Plaintiffs' claims are typical of the claims of the Settlement Class: Card & Party Mart II Ltd.; Diane Chiger; Jones Vend and OCS Distributing, Inc.; Marc and Jill Lavin; PITCO Foods; and The Lorain Novelty Co., Inc. The claims of the Representative Plaintiffs and absent class members rely on the same legal theories and arise from the same alleged conspiratorial conduct by Defendants, namely, the agreement to fix, raise, maintain and/or stabilize prices of chocolate candy in the United States.

6. The Court preliminarily finds that the Representative Plaintiffs will fairly and adequately protect the interests of the Settlement Class in satisfaction of the requirements of Rule 23(a)(4) because: (1) the interests of the Representative Plaintiffs are consistent with those of the Settlement Class members; (2) there appear to be no conflicts between or among the Representative Plaintiffs and the other Settlement Class members; (3) the Representative Plaintiffs have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this litigation; and (4) the Representative Plaintiffs and the Settlement Class members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases, including those concerning violations of antitrust law.

7. The Court preliminarily finds that, for purposes of this settlement only, questions of law or fact common to members of the Settlement Class predominate over questions affecting only individual members of the Settlement Class under Rule 23(b)(3). Further, a class action resolution in the manner proposed in the Settlement Agreement would be superior to other available methods for a fair and efficient adjudication of the litigation with respect to the Cadbury Defendants. In making these preliminary findings, the Court has considered, *inter alia*, (1) the interest of the Settlement Class members in individually controlling the prosecution or defense of separate actions; (2) the

impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum.

8. At this juncture, the Court makes no determination regarding the manageability of this litigation as a class action, if this litigation were to go to trial.

9. The Court hereby also approves the following law firms as Settlement Class Counsel pursuant to Rule 23(g), and finds that, for settlement purposes only, these Settlement Class Counsel have and will fairly and adequately protect the interests of the Settlement Class: Berger & Montague, P.C. and Hausfeld, LLP.

10. The Court finds that the proposed settlement with the Cadbury Defendants, as set forth in the Settlement Agreement, subject to final determination following proper notice and a fairness hearing, is sufficiently fair, reasonable and adequate to authorize dissemination of notice to the Settlement Class.

11. The Court approves the form and content of the Notice of Pendency of Class Action, Proposed Partial Settlement of Class Action, Settlement Hearing, and Right to Appear ("Notice"), attached hereto as Exhibit A, and the summary notice to those purchasing for resale, ("Summary Notice To Purchasers For Resale"), attached hereto as Exhibit B, to be directed to the Wholesale Direct Purchaser Component of the Settlement Class.

12. The Court finds that the mailing and publication of the Notice and Summary Notice, respectively, in the manner set forth herein constitute the best notice practicable under the circumstances and is due and sufficient notice to the Wholesale Direct Purchaser Component of the Settlement Class and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

13. The Court approves the form and content of the summary notice to those purchasing for personal consumption and/or as gifts, attached hereto as Exhibit C ("Summary Notice to End User Consumers") to be directed to the Consumer Direct Purchaser Component of the Settlement Class.

14. The Court finds that the publication of the Consumer Summary Notice in the manner set forth herein constitutes the best notice practicable under the circumstances and is due and sufficient notice to the Consumer Direct Purchaser Component of the Settlement Class and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

15. Within thirty (30) days from the date of this Order, by _____, 2011, to the extent not previously provided to the Plaintiffs, all Defendants shall provide to Plaintiffs' counsel, in a computer readable format, and if not reasonably available in computer readable format, then in hard copy format, the

names and addresses of the members of the Wholesale Direct Purchaser Component of the Settlement Class.

16. Within sixty (60) days of this Order, by _____, 2011, the Notice, in substantially the form attached hereto as Exhibit A, shall be mailed by first class mail, postage prepaid, to all members of the Wholesale Direct Purchaser Component of the Settlement Class identified by Defendants ("Notice Date"). The Notice shall also be provided to all persons who request it in response to the published Summary Notice provided for herein.

17. Within eighty (80) days of this Order, by _____, 2011, Plaintiffs' counsel are hereby directed to cause the websites for *Candy and Snacks Today, Professional Candy Buyer, VendingMarketWatch.com, AutomaticMerchandiser.com, Convenience Store News,* and *Vending Times* to post a web banner with a message alerting the reader to the settlement and providing a link to an Internet website dedicated to this litigation, www.ChocolateSettlementDirect.com. The www.ChocolateSettlementDirect.com website will contain the Summary Notice to Purchasers for Resale, substantially in the form attached hereto as Exhibit B. Each of the above-listed websites will maintain the web banners on their websites for a period of one month.

18. Within eighty (80) days of this Order, by _____, 2011, Plaintiffs' counsel are hereby directed to cause the Summary Notice to End User

Consumers, substantially in the form attached hereto as Exhibit C, to be published as soon as reasonably practicable in *USA Weekend, USA Today, Maui News, Guam Pacific Daily News* and *PR Newswire*.

19. All requests for exclusion from the Settlement Class must be postmarked no later than _____, 2011 [within one hundred (100) days of this Order], and must otherwise comply with the requirements set forth in the Notice.

20. Each member of the Settlement Class shall retain all rights and causes of action with respect to claims against all Defendants other than the Cadbury Defendants, regardless of whether such member of the Settlement Class decides to remain in the Settlement Class or to exclude itself from the Settlement Class.

21. Within one hundred and fourteen (114) days of this Order, by _____, 2011, Plaintiffs' Counsel shall file with the Court and serve on the parties their motion for final approval of the Settlement Agreement.

22. Within one hundred and thirty-five (135) days of this Order, by _____, 2011, Plaintiffs' Counsel shall cause to be filed with the Clerk of this Court, and served upon counsel for Defendants, affidavits or declarations of the person under whose general direction the mailing of the Notice and the publication of the Summary Notice and Consumer Summary Notice were made, showing that mailing and publication were made in accordance with this Order.

23. Any member of the Settlement Class who objects to the settlement must do so in writing. The objection must include the caption of this case, be signed, and be sent to the Court, Plaintiffs' Counsel, and Counsel for the Cadbury Defendants postmarked no later than _____, 2011 [within one hundred and thirty-five (135) days of this Order] and shall otherwise comply with the requirements set forth in the Notices. Any member of the Settlement Class who wishes to speak at the Fairness Hearing must submit a letter notifying the Court, Plaintiffs' Counsel, and Counsel for the Cadbury Defendants postmarked no later than _____, 2011 [within one hundred and thirty-five (135) days of this Order] and shall otherwise comply with the requirements set forth in the Notices.

24. Within one hundred and forty-five (145) days of this Order, Plaintiffs' Counsel shall file with the Court and serve on the parties their responses to any objections to the settlement.

25. The Court will hold a Fairness Hearing on _____, 2011 at _____.m. [on or after 150 days from this Order], to determine the fairness, reasonableness, and adequacy of the proposed settlement with the Cadbury Defendants. Any member of the Settlement Class who follows the procedure set forth in the notices may appear and be heard at this hearing. The Fairness Hearing may be continued without further notice to the Settlement Class.

26. The Court approves the establishment of two escrow accounts, as set forth in the Settlement Agreement, as "Qualified Settlement Funds" pursuant to Treas. Reg. § 1.468B 2(1). The Court retains continuing jurisdiction over any issues regarding the formation or administration of the escrow accounts. Plaintiffs' Counsel and their designees are authorized to expend funds from the escrow accounts to pay Taxes, Tax Expenses and notice and administration costs, as set forth in the Settlement Agreement.

27. The Court grants Plaintiffs' counsel the right to make withdrawals from the Notice and Administration Fund for payment of the cost of notice(s) to potential members of the Settlement Class regarding the Settlement Agreement and related matters, and other costs and expenses reasonably incurred in connection with the administration of the Settlement Agreement (the "Administrative Expenses"), without the approval of the Court in each instance, so long as (a) the Administrative Expenses incurred or contracted for are reasonable and necessary to carry out the transactions contemplated by the Settlement Agreement, and (b) counsel for the Cadbury Defendants shall receive from Settlement Class Counsel a full accounting of all expenditures made from the Notice and Administration Fund in the event such funds are returned to the Cadbury Defendants under the terms of the Settlement Agreement.

28. Heffler, Radetich & Saitta LLP is approved to serve as Settlement Administrator for the Direct Purchaser Class Actions.

29. The litigation against the Cadbury Defendants in this action is hereby stayed, pending further order of the Court.

SO ORDERED this _____ day of _____, 2011.

_____
CHRISTOPHER C. CONNER
United States District Judge

kal612874