FILED
HARRISBURG, PA
DEC 12 2011
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: CHOCOLATE CONFECTIONARY ANTITRUST LITIGATION | : MDL DOCKET NO. 1935<br>: (Civil Action No. 1:08-MDL-1935)<br>:<br>: (Judge Conner) |
| THIS DOCUMENT APPLIES TO: | : |
| ALL INDIRECT PURCHASER FOR RESALE CLASS ACTIONS | : |

**FINAL JUDGMENT AND ORDER OF DISMISSAL GRANTING FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT WITH CADBURY PLC, CADBURY HOLDINGS LTD. AND CADBURY ADAMS CANADA, INC.**

This Court having considered the Settlement Agreement executed on April 28, 2011, including all Exhibits thereto (the "Settlement Agreement") between the Plaintiffs and all members of the Settlement Class certified in the above-captioned case (collectively "Plaintiffs") and Defendants Cadbury plc, Cadbury Holdings, Ltd., and Cadbury Adams Canada, Inc. (collectively, "the Cadbury Defendants"), and having held a Fairness Hearing on December 12, 2011, and having considered all of the submissions and arguments with respect thereto, and otherwise being fully informed and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. This Final Judgment and Order of Dismissal incorporates herein and makes a part hereof, the Settlement Agreement, including the Exhibits thereto. Unless otherwise provided herein, the terms defined in the Settlement Agreement

shall have the same meanings for purposes of this Final Judgment and Order of Dismissal.

2.   The Court has personal jurisdiction over all Plaintiffs and the Cadbury Defendants, and has subject matter jurisdiction to approve the Settlement Agreement.

3.   For purposes of the settlement with the Cadbury Defendants (and only for such purposes, without any impact upon the issues between any of the Plaintiffs and any of the non-settling Defendants), the Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied with respect to the Settlement Class. At this settlement certification phase, and only for purposes of the settlement with the Cadbury Defendants, the Settlement Class is defined as:

> All persons and entities who indirectly purchased Chocolate Candy for resale in, or for delivery into any state that has enacted a statute extending standing (or standing to assert claims which could be denominated to be antitrust claims in any state), to indirect purchasers for resale asserting claims under state or local antitrust, unfair competition, consumer protection, unfair practices, trade practice, or civil conspiracy law, including but not limited to the states of Arizona, California, the District of Columbia, Florida, Guam, Hawaii, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nevada, New Hampshire, New Mexico, Nebraska, New York, North Dakota, North Carolina, Oregon, South Dakota, Tennessee, Utah, Vermont and Wisconsin, that was manufactured and/or distributed by or for any Defendant or any predecessor, subsidiary, affiliate or division of any Defendant, at any time from December 9, 2002 through and including December 20, 2007. The Class is composed of indirect purchasers for resale as defined in Paragraph 41 of the Indirect Purchasers for Resale Second Amended Consolidated Class Complaint. Excluded from the

Settlement Class are governmental entities, Defendants, or any present or former parent, subsidiary or affiliate thereof.[1]

No Settlement Class Members have elected to be excluded from the Settlement Class.

4.  Pursuant to Rule 23(a)(1), the Court determines that the Settlement Class is so numerous that joinder of all members is impracticable.

5.  For purposes of this settlement only, the commonality requirement of Rule 23(a)(2) is satisfied because Plaintiffs have alleged one or more questions of fact and law common to the Settlement Class, including whether the Cadbury Defendants violated state antitrust and consumer protection laws by engaging in an unlawful conspiracy to fix, raise, maintain and/or stabilize prices of chocolate candy in the United States.

6.  The Court hereby approves the following entities as Representative Plaintiffs of the Settlement Class pursuant to Rule 23(a)(3), and finds that, for settlement purposes only, these Representative Plaintiffs' claims are typical of the claims of the Settlement Class: Treat America Limited, Corporate Services Group, Greater Tricities Services, LLC d/b/a GTS Refreshment Service, Food Express, Inc., All Star Services, Inc., The Konop Companies, North County Vending, Inc., NCV Arizona, Inc., SS Distributor, LLC d/b/a JR Foodmart, GNC Properties, Inc. d/b/a Olive View AMPM and Coborn's Inc. The claims of the Representative Plaintiffs and absent class members rely on the same legal theories and arise from

---

[1] Neither the Cadbury Settlement nor this Order is intended to or shall limit the rights of any state attorney general.

the same alleged conspiratorial conduct by Defendants, namely, the agreement to fix, raise, maintain and/or stabilize prices of chocolate candy in various states.

7. The Court finds that, for purposes of this settlement with the Cadbury Defendants, the Representative Plaintiffs will fairly and adequately protect the interests of the Settlement Class in satisfaction of the requirements of Rule 23(a)(4) because: (1) the interests of the Representative Plaintiffs are consistent with those of the Settlement Class members; (2) there appear to be no conflicts between or among the Representative Plaintiffs and the other Settlement Class members; (3) the Representative Plaintiffs have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this litigation; and (4) the Representative Plaintiffs and the Settlement Class members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases, including those concerning violations of antitrust law.

8. The Court finds that, for purposes of his settlement only, questions of law or fact common to members of the Settlement Class predominate over questions affecting only individual members of the Settlement Class under Rule 23(b)(3). Further, a class action resolution in the manner proposed in the Settlement Agreement would be superior to other available methods for a fair and efficient adjudication of the litigation with respect to the Cadbury Defendants. In making these preliminary findings, the Court has considered, *inter alia,* (1) the interest of the Settlement Class members in individually controlling the

prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum.

9.   At this juncture, the Court makes no determination regarding the manageability of this litigation as a class action, if this litigation were to go to trial.

10.   The Court hereby also approves the following law firms as Settlement Class Counsel pursuant to Rule 23(g), and finds that, for settlement purposes only, these Settlement Class Counsel have and will fairly and adequately protect the interests of the Settlement Class: Robins, Kaplan, Miller & Ciresi L.L.P. and The Maher Law Firm.

11.   The Indirect Purchaser for Resale Settlement Class has received notice in the manner approved by the Court in its Order of August 12, 2011 (Docket No. 1025). The Court finds that such notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise potential Settlement Class members of the terms of the settlement, their right to object to the settlement, and their right to appear at the settlement Fairness Hearing; (iii) constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

12.   No individuals or entities have excluded themselves from the Settlement Class.

13.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally approves in all respects the settlement set forth in the Settlement Agreement (the "Settlement") and finds that the Settlement and the Settlement Agreement are, in all respects, fair, reasonable and adequate, and in the best interest of the Settlement Class. The Court further approves the establishment of the Settlement Fund and Notice and Administration Fund under the terms and conditions set forth in the Settlement Agreement and the Escrow Agreements. The parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement.

14.     Plaintiffs may use the Settlement Fund to pay from time to time such expenses as may reasonably be incurred in the prosecution of the Class Action, subject to an accounting to the Court at the time of the final resolution of the Class Action.

15.     The above-captioned case is hereby dismissed with prejudice against the Cadbury Defendants only and without costs to any party.

16.     (a) The Cadbury Defendants and their past and present officers, directors, employees, parents, subsidiaries, and affiliates; the past and present officers, directors, and employees of such parents, subsidiaries, and affiliates; and the predecessors, successors, heirs, executors, and assigns of each of the foregoing (the "Releasees"). shall be completely released, acquitted, and forever discharged from any and all manner of claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature whether personal or subrogated,

damages whenever incurred, damages of any kind including compensatory, punitive or other damages, including any compensation derived from *parens patriae* lawsuits, liabilities of any nature whatsoever, including interests, costs, expenses, class administration expenses, penalties, and lawyers' fees (including Settlement Class Counsel fees) that Class Representatives, the Settlement Class Members and their respective past and present parents, subsidiaries, affiliates, heirs and assigns. or each of them, ever had, now have, or hereafter can, shall, or may have against the Releasees, whether known or unknown, on account of, arising out of, relating to, or resulting from or in any way relating to conduct of the Releasees during the period February 1, 2001 to December 31, 2008 concerning any aspect of the pricing, selling, discounting, marketing, manufacturing, and distributing of chocolate candy purchased for resale in, or for delivery into, any state that has enacted a statute extending antitrust standing (or standing to assert claims which could be denominated to be antitrust claims in any state) to indirect purchasers for resale asserting claims under state or local antitrust, unfair competition, consumer protection, unfair practices, trade practice, or civil conspiracy law, or that permits indirect purchasers for resale to recover for such claims, including but not limited to the states of Alaska, Arkansas, Arizona, California, the District of Columbia, Florida, Guam, Hawaii, Idaho, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nevada, New Hampshire, New Mexico, Nebraska, New York, North Dakota, North Carolina, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Virginia and Wisconsin, or which are, have been or could have been

asserted by Releasors, within the scope of the facts asserted in the Complaint, either of which arise under any state or local antitrust, unfair competition, consumer protection, unfair practices, trade practice, or civil conspiracy law. Nothing in this Order is intended to or shall release the rights of any state attorney general.

(b) Each Releasor waives California Civil Code Section 1542 and similar provisions in other states. Class Plaintiffs have certified that they are aware of and have read and reviewed the following provision of California Civil Code Section 1542 ("Section 1542"): "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The provisions of the release set forth above shall apply, regardless of the provisions of Section 1542 or any equivalent, similar, or comparable present or future law or principle of law of any jurisdiction. Each Releasor may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims that are the subject matter of this paragraph, but each Releasor hereby expressly and fully, finally and forever waives, relinquishes, and forever settles and releases any and all rights and benefits existing under (i) Section 1542 or any equivalent, similar or comparable present or future law or principle of law of any jurisdiction and (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above. Each Releasor also expressly waives and fully, finally

and forever settles any claims it may have against Releasees or any of them under California Business and Professions Code § 17200 et seq., which claims are expressly incorporated into this paragraph.

(c) Nothing herein shall release any product defect, claims of supplier or distributor breach of contract, or similar claims between the parties relating to Chocolate Candy.

(d) Notwithstanding the foregoing, "Releasees" does not include any other Defendant currently named in the Action.

17. Upon final approval of the settlement (including, without limitation, the exhaustion of any judicial review, or requests for judicial review, from this Final Judgment and Order of Dismissal), the Cadbury Defendants fully and finally release and discharge each of the Representative Plaintiffs and their counsel and experts from any Claims relating to the institution or prosecution of the Action.

18. Nothing in this Final Judgment and Order of Dismissal, the settlement, or the Settlement Agreement, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing.

19. Without affecting the finality of this Final Judgment and Order of Dismissal, the Court retains continuing and exclusive jurisdiction over any all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Judgment and Order

of Dismissal, and for any other necessary purpose. The Cadbury Defendants, Plaintiffs and each member of the Settlement Class are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including the Exhibits hereto. Without limiting the generality of the foregoing, and without affecting the finality of this Final Judgment and Order of Dismissal, the Court retains jurisdiction over any such suit, action or proceeding. Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

20. In the event that the Settlement does not become effective according to the Settlement Agreement, this Final Judgment and Order of Dismissal shall be rendered null and void as provided by the Settlement Agreement, shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

SO ORDERED this 12th day of December, 2011.

/s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge