FILED
HARRISBURG, PA
DEC 12 2011
MARY E. D'ANDREA, CLERK
Per_____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: CHOCOLATE CONFECTIONARY ANTITRUST LITIGATION | : MDL DOCKET NO. 1935<br>: (Civil Action No. 1:08-MDL-1935)<br>:<br>: (Judge Conner) |
| THIS DOCUMENT APPLIES TO:<br><br>DIRECT PURCHASER CLASS ACTIONS | :<br>:<br>:<br>:<br>: |

**FINAL JUDGMENT AND ORDER OF DISMISSAL GRANTING
FINAL APPROVAL TO
PROPOSED CLASS ACTION SETTLEMENT**

This Court having considered the Settlement Agreement executed on April 28, 2011, including all Exhibits thereto (the "Settlement Agreement") between the Plaintiffs and all members of the Settlement Class certified in the above-captioned case (collectively "Plaintiffs"), and Defendants Cadbury plc, Cadbury Holdings, Ltd., and Cadbury Adams Canada, Inc. (collectively, "the Cadbury Defendants"), and; having held a Fairness Hearing on December 12, 2011, and; having considered all of the submissions and arguments with respect thereto, and otherwise being fully informed and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.  This Final Judgment and Order of Dismissal incorporates herein and makes a part hereof, the Settlement Agreement, including the Exhibits thereto. Unless otherwise provided herein, the terms defined in the Settlement Agreement shall have the same meanings for purposes of this Final Judgment and Order of Dismissal.

2.	The Court has personal jurisdiction over all Plaintiffs and the Cadbury Defendants, and has subject matter jurisdiction to approve the Settlement Agreement.

3.	For purposes of the settlement with the Cadbury Defendants (and only for such purposes, without any impact upon the issues between any of the Plaintiffs and any of the non-settling Defendants), the Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied with respect to the Settlement Class. At this settlement certification phase, and only for purposes of the settlement with the Cadbury Defendants, the Settlement Class is defined as follows:

> All persons and entities who directly purchased chocolate candy from any Defendant or any predecessor, controlled subsidiary, affiliate or division of any Defendant, in the United States or for delivery into the United States at any time from December 9, 2002 through and including December 20, 2007. The Class is comprised of two components of direct purchasers: the Wholesale Direct Purchaser Component (who directly purchased chocolate candy for re-sale) and the Consumer Direct Purchaser Component (who directly purchased chocolate candy for personal consumption and/or as gifts), as defined in Paragraph 37 of Direct Purchaser Plaintiffs' Consolidated Class Action Complaint. Excluded from the Settlement Class are governmental entities, Defendants, or any present or former parent, subsidiary or affiliate thereof. Also excluded from the Settlement Class are Meijer, Inc. Meijer Distribution, Inc., Publix Supermarkets, Inc., CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs Corp., Longs Drug Stores California, Inc., The Kroger Co., Safeway, Inc., Walgreen Co., Hy-Vee, Inc., Giant Eagle, Inc., Affiliated Foods, Inc., Food Lion, LLC, Hannaford Bros. Co., and Kash N' Karry Food Stores, Inc., HEB Grocery Company, LP, Albertson's LLC, Great Atlantic & Pacific Tea Company (A&P), Supervalu Inc., Golub Corp. d/b/a Price Chopper, Brookshire Grocery Co., and United Supermarkets LLC.

The Settlement Class also excludes the Settlement Class members listed on the attached Exhibit A who have elected to be excluded from the Settlement Class. This

Order shall not have any effect on the Court's consideration and determination of class certification or any other issue with respect to the non-settling Defendants.

4. Pursuant to Rule 23(a)(1), the Court determines that the Settlement Class is so numerous that joinder of all members is impracticable.

5. For purposes of this settlement only, the commonality requirement of Rule 23(a)(2) is satisfied because Plaintiffs have alleged one or more questions of fact and law common to the Settlement Class, including whether the Cadbury Defendants violated the Sherman Antitrust Act, 15 U.S.C. § 1, et seq., by engaging in an unlawful conspiracy to fix, raise, maintain and/or stabilize prices of chocolate candy in the United States.

6. The Court hereby approves the following entities as Representative Plaintiffs of the Settlement Class pursuant to Rule 23(a)(3), and finds that, for settlement purposes only, these Representative Plaintiffs' claims are typical of the claims of the Settlement Class: Card & Party Mart II Ltd.; Diane Chiger; Jones Vend and OCS Distributing, Inc.; Marc and Jill Lavin; PITCO Foods; and The Lorain Novelty Co., Inc. The claims of the Representative Plaintiffs and absent class members rely on the same legal theories and arise from the same alleged conspiratorial conduct by Defendants, namely, the agreement to fix, raise, maintain and/or stabilize prices of chocolate candy in the United States.

7. The Court finds that, for purposes of this settlement with the Cadbury Defendants, the Representative Plaintiffs will fairly and adequately protect the

interests of the Settlement Class in satisfaction of the requirements of Rule 23(a)(4) because: (1) the interests of the Representative Plaintiffs are consistent with those of the Settlement Class members; (2) there appear to be no conflicts between or among the Representative Plaintiffs and the other Settlement Class members; (3) the Representative Plaintiffs have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this litigation; and (4) the Representative Plaintiffs and the Settlement Class members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases, including those concerning violations of antitrust law.

8. The Court finds that, for purposes of this settlement only, questions of law or fact common to members of the Settlement Class predominate over questions affecting only individual members of the Settlement Class under Rule 23(b)(3). Further, a class action resolution in the manner proposed in the Settlement Agreement would be superior to other available methods for a fair and efficient adjudication of the litigation with respect to the Cadbury Defendants. In making these preliminary findings, the Court has considered, *inter alia*, (1) the interest of the Settlement Class members in individually controlling the prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum.

9. At this juncture, the Court makes no determination regarding the manageability of this litigation as a class action, if this litigation were to go to trial.

10. The Court hereby also approves the following law firms as Settlement Class Counsel pursuant to Rule 23(g), and finds that, for settlement purposes only, these Settlement Class Counsel have and will fairly and adequately protect the interests of the Settlement Class: Berger & Montague, P.C. and Hausfeld, LLP.

11. The Wholesale Direct Purchaser Component and the Consumer Direct Purchaser Component of the Settlement Class have received notice in the manner approved by the Court in its Order of August 12, 2011 (Docket No. 1023). The Court finds that such notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise potential Settlement Class members of the terms of the settlement, their right to object to the settlement, and their right to appear at the settlement Fairness Hearing; (iii) constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

12. No individuals or entities, other than those listed on Exhibit A hereto, have excluded themselves from the Settlement Class. This Order shall have no force or effect on the persons or entities listed on Exhibit A hereto.

13. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally approves in all respects the settlement set forth in the Settlement

Agreement (the "Settlement") and finds that the Settlement and the Settlement Agreement are, in all respects, fair, reasonable and adequate, and in the best interest of the Settlement Class. The Court further approves the establishment of the Settlement Fund and Notice and Administration Fund under the terms and conditions set forth in the Settlement Agreement and the Escrow Agreements. The parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement.

14. Plaintiffs may use the Settlement Fund to pay from time to time such expenses as may reasonably be incurred in the prosecution of the Class Action, subject to an accounting to the Court at the time of the final resolution of the Class Action.

15. The above-captioned case is hereby dismissed with prejudice against the Cadbury Defendants only and without costs to any party.

16. (a) The Cadbury Defendants and their past and present officers, directors, employees, parents, subsidiaries, and affiliates; the past and present officers, directors, and employees of such parents, subsidiaries, and affiliates; and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing (the "Releasees"), shall be completely released, acquitted, and forever discharged from any and all manner of claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature, whether personal or subrogated, damages whenever incurred, damages of any kind including compensatory, punitive or other damages, liabilities of any nature whatsoever, including interest, costs, expenses, class

administration expenses, penalties, and lawyers' fees (including Settlement Class Counsel fees) that Class Representatives, the Settlement Class Members and their respective past and present parents, subsidiaries, affiliates, heirs and assigns (the "Releasors"), or each of them, ever had, now have, or hereafter can, shall, or may have against the Releasees, whether known or unknown, on account of, arising out of, relating to, or resulting from or in any way relating to conduct of the Releasees during the period from February 1, 2001 to December 31, 2008 concerning any aspect of the pricing, selling, discounting, marketing, manufacturing, and distributing of chocolate candy purchased in the United States or for delivery into the United States, or which are, have been or could have been asserted, within the scope of the facts asserted in the Complaint, either of which arise under any federal, state or local antitrust, unfair competition, unfair practices, trade practice, or civil conspiracy law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*

(b)   Each Releasor has waived claims under California Civil Code Section 1542 and similar provisions in other states. Class Plaintiffs have certified that they are aware of and have read and reviewed the following provision of California Civil Code Section 1542 ("Section 1542"): "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The provisions of the release shall apply, regardless of the provisions of Section 1542 or any equivalent, similar, or comparable present or future law or

principle of law of any jurisdiction. Each Releasor may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims that are the subject matter of this paragraph, but each Releasor hereby expressly and fully, finally and forever waives, relinquishes, and forever settles and releases any and all rights and benefits existing under (i) Section 1542 or any equivalent, similar or comparable present or future law or principle of law of any jurisdiction and (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above. Each Releasor also expressly waives and fully, finally and forever settles any claims it may have against Releasees or any of them under California Business and Professions Code § 17200 et seq., which claims are expressly incorporated into this paragraph 36(b).

(c) Nothing herein shall release any product defect, claims of supplier or distributor breach of contract, or similar claims between the parties relating to chocolate candy.

(d)     Notwithstanding the foregoing, "Releasees" does not include any other Defendant currently named in the Action.

17.     Upon final approval of the settlement (including, without limitation, the exhaustion of any judicial review, or requests for judicial review, from this Final Judgment and Order of Dismissal), the Cadbury Defendants fully and finally discharge and release each of the Representative Plaintiffs and their counsel and experts from any Claims relating to the institution or prosecution of the Action.

18. Nothing in this Final Judgment and Order of Dismissal, the settlement, or the Settlement Agreement, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing.

19. Without affecting the finality of this Final Judgment and Order of Dismissal, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Judgment and Order of Dismissal, to protect and effectuate this Final Judgment and Order of Dismissal, and for any other necessary purpose. The Cadbury Defendants, Plaintiffs and each member of the Settlement Class are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including the Exhibits thereto. Without limiting the generality of the foregoing, and without affecting the finality of this Final Judgment and Order of Dismissal, the Court retains exclusive jurisdiction over any such suit, action or proceeding. Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

20.     In the event that the Settlement does not become effective according to the Settlement Agreement, this Final Judgment and Order of Dismissal shall be rendered null and void as provided by the Settlement Agreement, shall be vacated and, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

SO ORDERED this 12th day of December, 2011.

_____
CHRISTOPHER C. CONNER
United States District Judge