UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CHOCOLATE CONFECTIONARY
ANTITRUST LITIGATION

    Associated Wholesale Grocers, Inc. v. Cadbury Adams    )
        Canada, Inc., et al., D. Kansas, C.A. No. 2:12-02209    )        MDL No. 1935

**TRANSFER ORDER**

    **Before the Panel:** Pursuant to Panel Rule 7.1, plaintiff in a District of Kansas action (*AWG*) moves to vacate the order conditionally transferring the action to the Middle District of Pennsylvania for inclusion in MDL No. 1935. Defendants[1] oppose the motion.

    After considering all argument of counsel, we find that this action involves common questions of fact with the actions previously transferred to MDL No. 1935, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is warranted for reasons set out in our original order directing centralization in this docket. In that order, we held that the Middle District of Pennsylvania was an appropriate Section 1407 forum for antitrust actions alleging a conspiracy among defendants[2] to artificially increase, maintain, or stabilize prices of chocolate confectionery products (such as chocolate bars, boxed chocolates and seasonal novelty chocolates) in the United States, in violation of federal and state law. *See In re: Chocolate Confectionary Antitrust Litig.*, 542 F. Supp. 2d 1376 (J.P.M.L. 2008). No party disputes that *AWG* is factually related to the MDL proceedings; indeed, plaintiff recently opted out of the direct purchaser class settlement with the Cadbury defendants, which underscores the significant factual overlap among *AWG* and the MDL actions.

    Plaintiff objects to inclusion of its action in MDL No. 1935, in part, because of the advanced procedural status of the MDL and because it brings unique claims under the Kansas Restraint of Trade Act. The Panel typically transfers cases brought by opt-out plaintiffs such as AWG to ongoing MDLs. *See, e.g.*, MDL No. 1091 – *In re: Metropolitan Life Ins. Co. Sales Pracs Litig.*, July 20, 2000 Transfer Order at 2 ("A significant number of the remaining actions centralized by the Panel in this docket in the transferee district have been brought by opt-out litigants or other persons not covered under the

---

[1] Cadbury Adams Canada, Inc., Cadbury Adams USA, LLC, Cadbury Holdings LTD, Cadbury PLC, Hershey Canada, Inc., The Hershey Co., Mars Snackfood US, LLC, Mars, Inc., Nestle U.S.A. Inc.

[2] The primary defendants in this docket – Cadbury Adams U.S.A. LLC, The Hershey Co., ITWAL Ltd., Mars, Inc., Masterfoods USA and Nestle – are entities that manufactured, marketed, distributed and/or sold chocolate confectionery products.

-2-

settlement. Those actions will require common discovery and will still need and benefit from Section 1407 centralization."). Other claims under Kansas law are currently pending in the MDL. Moreover, while the MDL proceedings are advanced, some discovery is still ongoing. Plaintiff can address any concerns about case management to the transferee judge, who retains the discretion to structure pretrial proceedings for the benefit of all parties and the litigation as a whole.

    IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Middle District of Pennsylvania and, with the consent of that court, assigned to the Honorable Christopher C. Conner for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |