# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CHOCOLATE | : | MDL DOCKET NO. 1935 |
| CONFECTIONARY ANTITRUST | : | (Civil Action No. 1:08-MDL-1935) |
| LITIGATION | : | |
| _____ | : | (Judge Conner) |
| | : | |
| THIS DOCUMENT APPLIES TO: | : | |
| INDIRECT PURCHASER FOR | : | |
| RESALE PLAINTIFFS | : | |

## MEMORANDUM

Presently before the court in the above-captioned multidistrict litigation is defendants' motion for limited additional discovery, which indirect purchaser plaintiffs ("IPR plaintiffs") oppose. Defendants request that the court reopen discovery so that they may issue subpoenas to M.R. Williams, Inc. ("MRW"), and Farner-Bocken Company ("Farner-Bocken"), two third-party direct purchasers of chocolate. For the reasons to be discussed, the court will grant the motion.

## I. Factual and Procedural Background

MRW and Farner-Bocken are regional chocolate distributors that sell to convenience stores, vending machine companies, and independent grocers. They, along with Chicago Vending Supply ("Chicago Vend"), do business in the thirteen states for which IPR plaintiffs seek to certify a class action, and are customers of Hershey, Mars and Nestlé U.S.A. In case management order number 8, issued on January 27, 2009, the court ordered that non-party productions be distributed to the parties "within twenty (20) days" of receipt by the party that issued the subpoena. (Doc. 577-2 at ¶7.b). On February 25, 2011, pursuant to Federal Rule of Civil

Procedure 45, IPR plaintiffs issued subpoenas to Farner-Bocken, MRW, and Chicago Vend. IPR plaintiffs received these productions in May and July 2011, and concede that they did not comply with the court order requiring them to distribute the productions to defendants. (See Doc. 1380-17 (stating that the failure to produce the documents was an inadvertent oversight)).

IPR plaintiffs filed their class certification motion (Doc. 1352) on May 1, 2013, and served the report and disclosure of their expert witness Dr. Bruce Owen the next day. Defendants received the underlying transaction data upon which Dr. Owen relied in conducting his analysis on May 7, 2013. In the course of analyzing Dr. Owen's work, defendants learned that he had relied on data produced by direct purchasers Vistar and SuperValu, and the as-yet undisclosed data from MRW and Farner-Bocken. The parties disagree as to the precise scope of the previously undisclosed data: defendants state that the Farner-Bocken and MRW data include over fifteen million and two million transactions, respectively; IPR plaintiffs believe those figures to be deceptive, because most of the data is not relevant and is contained in spreadsheets that can easily be searched and sorted. The MRW and Farner-Bocken transaction data do not contain customer names and other related data, unlike the Vistar and SuperValu sets, which were produced to defendants in December 2011.

Defendants sought IPR plaintiffs' consent for a 60 day window in which to issue and enforce subpoenas, and depose representatives from MRW and Farner-Bocken regarding the transaction data. IPR plaintiffs withheld their consent, and

2

also informed defendants that, through inadvertence, an additional data set from Chicago Vend had not been produced, but would be given forthwith to defendants. (See id.). Defendants state that they received the Chicago Vend data only a few days before filing this motion, and that they have not had sufficient time to analyze the more than 230,000 documents which comprise the production.

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a district court may modify a scheduling order upon a showing of "good cause." FED. R. CIV. P. 16(b)(4). This authority extends to requests to reopen discovery. Aamco Transmissions, Inc. v. Marino, Nos. 88-CV-5522, 88-CV-6197, 1991 U.S. Dist. LEXIS 3335, *3-4 (E.D. Pa. Mar. 19, 1991). The decision whether to reopen discovery is committed to the sound discretion of the district court, LeBoom v. Lancaster Jewish Cmty. Ass'n, 503 F.3d 217, 235 (3d Cir. 2007), and the court's discretion is broad. Sempier v. Johnson & Higgins, 45 F.3d 724, 734 (3d Cir. 1995).

Defendants seek additional discovery only with respect to a single, discrete issue: transaction data regarding MRW's and Farner-Bocken's customers. Specifically, defendants would limit the additional discovery to documents and testimony regarding the identity of the customers reflected in the newly produced data, their location, and their class of trade – i.e., vend, grocery, or convenience store. They assert that this information is of critical importance to class certification, because the IPR plaintiffs' theory of typicality under Rule 23(a)(3) involves thousands of unidentified customers. To address IPR plaintiffs' claims that

3

the named plaintiffs are "typical" of other members of the putative class, defendants must be able to assess what types of businesses the class members operate. They believe that an additional two months would be required to complete this discovery. IPR plaintiffs respond that the information defendants seek is not necessary to their defense and that reopening discovery will be costly and time-consuming, though they stop short of attributing to defendants an improper dilatory motive.

The court finds that good cause exists to permit additional discovery, and will therefore grant defendants' motion. Defendants have demonstrated that the discovery they seek is necessary to determine whether the claims of the named IPR plaintiffs are typical of putative class members across three separate industries, "vend," "grocery," and "convenience store." In order to evaluate and critique Dr. Owen's report, defendants are clearly entitled to information about the customers contained in the MRW and Farner-Bocken transaction data. For example, defendants contend that Dr. Owen assumed that all of MRW's customers are convenience stores, and that he extrapolated the prices MRW applies to all of its customers to a class that is limited to vending machine operators, grocery stores, and convenience stores. (Doc. 1436 at 9). However, according to defendants, MRW's motion to quash a subpoena previously filed in this litigation belies that argument, as MRW stated that their customers are "mostly convenience stores." (Id. (quoting Doc. 962)). More detailed transaction information will allow

4

defendants to evaluate what effect, if any, this incongruity had on Dr. Owen's analysis.

IPR plaintiffs argue that defendants' failure to pursue similar transaction data from Vistar in 2011 undermines their assertion of the importance of this information now, but this argument is unpersuasive. IPR plaintiffs subpoenaed Vistar in 2011, requesting customer information that included customer names. Pursuant to the court's case management order, they distributed the Vistar information to defendants. Notably distinct from the MRW and Farner-Bocken data, the Vistar production contained customer names, from which class of trade and location could be independently derived. Indeed, IPR plaintiffs tacitly concede this fact by recognizing that they determined the location of Vistar's vending customers through an internet search. (See Doc. 1428 at 22 n.8 (citation omitted)). They were able to do so because the Vistar data included customer names, which the MRW and Farner-Bocken data do not. This fact alone renders IPR plaintiffs comparison inapposite.

Defendants have demonstrated good cause to reopen discovery, and their motion will be granted. An appropriate order will issue.

                         S/ Christopher C. Conner
                         CHRISTOPHER C. CONNER
                         United States District Judge

Dated: July 25, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CHOCOLATE CONFECTIONARY ANTITRUST LITIGATION | : : : : | MDL DOCKET NO. 1935 (Civil Action No. 1:08-MDL-1935) (Judge Conner) |
| THIS DOCUMENT APPLIES TO: INDIRECT PURCHASER FOR RESALE PLAINTIFFS | : : : : | |

## ORDER

AND NOW, this 25th day of July, 2013, upon consideration of the motion for limited additional discovery (Doc. 1373) filed by defendants The Hershey Company, Hershey Canada, Inc., Mars, Inc., Mars Snackfood U.S. LLC, and Nestlé U.S.A., Inc., and for the reasons discussed in the accompanying memorandum, it is hereby ORDERED that:

1. Defendants' motion is GRANTED. Defendants are hereby permitted to conduct discovery, including issuance of subpoenas for the production of documents and testimony, concerning third-parties M.R. Williams, Inc. and Farner-Bocken Company.

2. The parties are directed to meet and confer regarding appropriate alterations to the pretrial schedule in light of the court's order and, if necessary thereafter, the parties shall provide the court with a draft order incorporating the parties' proposed alterations.

                                         S/ Christopher C. Conner
                                         CHRISTOPHER C. CONNER
                                         United States District Judge