IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: CHOCOLATE CONFECTIONARY ANTITRUST LITIGATION : : : : | MDL DOCKET NO. 1935 (Civil Action No. 1:08-MDL-1935) (Chief Judge Conner) |
| THIS DOCUMENT APPLIES TO: Giant Eagle, Inc. v. The Hershey Co., et al., No. 2:08-CV-00414 : : : : | |

## ORDER

AND NOW, this 19th day of August, 2014, upon consideration of the motion (Doc. 1542) of plaintiff Giant Eagle, Inc. ("Giant Eagle") for an indicative ruling to correct an omission in the court's order granting summary judgment (Doc. 1501), pursuant to Federal Rules of Civil Procedure 60(a) and 62.1(a)(3), see FED. R. CIV. P. 60(a) (permitting post-judgment corrections arising from oversight or omission), and further upon consideration of the court's order (Doc. 1543) granting the motion for an indicative ruling, and the order (Doc. 1546) issued July 29, 2014, by the Court of Appeals for the Third Circuit remanding the above-captioned matter for the limited purpose of the court's resolution of Giant Eagle's Rule 60(a) motion, and the court construing the motion (Doc. 1542) for an indicative ruling as Giant Eagle's motion pursuant to Rule 60(a) to correct the omission of Giant Eagle's state law claim from its order (Doc. 1501) dated February 26, 2014, resolving the defendants' various motions for summary judgment, and agreeing with the parties that its subject order inadvertently entered judgment solely as to the collective plaintiffs' claims under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 et seq., but did

not dispose of Giant Eagle's state law claim under the Ohio Valentine Act, OHIO REV. CODE ANN. § 1331.01 *et seq.*, and the court further agreeing with the parties that its resolution of the state law claim would have mirrored its Section 1 analysis and disposition, see Johnson v. Microsoft Corp., 834 N.E.2d 791, 794-95 (Ohio 2005) ("Ohio has long followed federal law in interpreting the Valentine Act."), and that judgment is accordingly appropriate on both the Section 1 claims and Giant Eagle's claim pursuant to the Ohio Valentine Act, it is hereby ORDERED that:

1. Giant Eagle's motion (Doc. 1542) for relief pursuant to Federal Rule of Civil Procedure 60(a) is GRANTED.

2. The court's order (Doc. 1501) dated February 26, 2014, is AMENDED to read:

   > . . . it is hereby ORDERED that the motions (Docs. 1205, 1206, 1221, 1385, 1386, 1421) are GRANTED in favor of all defendants and against the direct purchaser class and the individual purchaser plaintiffs as to all Section 1 claims and against individual purchaser plaintiff Giant Eagle, Inc., as to its Ohio Valentine Act claims.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania