## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE: CHOCOLATE** | : | **MDL DOCKET NO. 1935** |
| **CONFECTIONARY ANTITRUST** | : | **(Civil Action No. 1:08-MDL-1935)** |
| **LITIGATION** | : | |
| | : | **(Chief Judge Conner)** |
| | : | |
| **THIS DOCUMENT APPLIES TO** | : | |
| **ALL DIRECT PURCHASER AND** | : | |
| **INDIVIDUAL PLAINTIFF CLAIMS** | : | |
| **(EXCEPT FOR ASSOCIATED** | : | |
| **WHOLESALE GROCERS)** | : | |

## <u>MEMORANDUM</u>

Before the court in this multidistrict antitrust litigation is a joint motion[1]

for approval of video deposition costs by defendants The Hershey Company and

Hershey Canada, Inc. (together, "Hershey"), Nestlé U.S.A., Inc. ("Nestlé"), and

Mars, Inc., and Mars Snackfood U.S. LLC (together, "Mars").  The court will grant

in part and deny in part defendants' motion.

## I.   <u>Factual Background & Procedural History</u>

The factual and procedural predicate of this litigation is known well to the

parties and the court.  A truncated version of that history will suffice for purposes

of the instant motion.  This matter is a multidistrict litigation consolidating ninety-

one separate civil actions.[2]  Various subgroups of plaintiffs alleged that in 2002,

2004, and 2007, the collective defendants conspired to implement three lock step

price increases in violation of the Sherman Antitrust Act, 15 U.S.C. § 1, *et seq*.  The

plaintiff groups are: (1) a certified direct purchaser class, (2) a putative class of

---

[1] Doc. 1528.

[2] *See In re Chocolate Confectionary Antitrust Litig.*, 999 F. Supp. 2d 777, 780 (M.D. Pa. 2014).

indirect end users, (3) a putative class of indirect purchasers for resale, and (4) a group of individual purchaser plaintiffs.[3]

After initial Rule 12 motion practice, the direct purchaser plaintiffs moved pursuant to Federal Rule of Civil Procedure 23 for class certification.[4]  On December 7, 2012, after extensive discovery and a three-day hearing, the court granted the direct purchasers' motion and certified a class of all direct purchasers of chocolate confectionary products for resale for the period between December 9, 2002 and December 20, 2007.[5]  At the close of discovery, defendants moved individually for summary judgment as to the direct purchaser class and individual purchaser plaintiffs' antitrust claims.[6]

By memorandum opinion dated February 26, 2014, the court granted the collective defendants' Rule 56 motions, entering judgment in favor of defendants and against the direct purchaser class and the individual purchaser plaintiffs.[7] After the court's ruling, the indirect end user and indirect purchaser for resale plaintiffs stipulated to dismissal of their respective claims, reserving their rights to reinstitute same in the event the Third Circuit Court of Appeals were to reverse the court's summary judgment decision, and agreeing that each party would bear its own costs.[8]

---

[3] *See* Docs. 418, 420, 422, 448.
[4] Doc. 995.
[5] *See In re Chocolate Confectionary Antitrust Litig.*, 289 F.R.D. 200 (M.D. Pa. 2012).
[6] Docs. 1205, 1206, 1221, 1385, 1386, 1421.
[7] *See In re Chocolate Confectionary Antitrust Litig.*, 999 F. Supp. 2d 777.
[8] Docs. 1510, 1515.

Defendants jointly filed the instant motion on May 16, 2014, seeking judicial approval of $142,205.25 in video deposition costs incurred throughout the course of this litigation.  The direct purchaser class and individual purchaser plaintiffs both appealed the court's summary judgment ruling, and consideration of the instant motion was deferred pending appeal.  On September 15, 2015, the Third Circuit Court of Appeals affirmed the court's summary judgment decision.[9]  The parties resumed briefing at the court's direction,[10] and the instant motion is now ripe for disposition.

## II.   <u>Standard of Review</u>

The Federal Rules of Civil Procedure provide that costs "should be allowed to the prevailing party . . . [u]nless a federal statute, these rules, or a court order provides otherwise."[11]  Rule 54(d)(1) establishes a "strong presumption" in favor of awarding such costs.[12]  The court may, within its discretion, reduce or deny requested costs, but it must "articulate reasons within the bounds of its equitable power" for doing so.[13]  In addition, "the losing party bears the burden of making the showing that an award is inequitable under the circumstances."[14]

---

[9] *See In re Chocolate Confectionary Antitrust Litig.*, 801 F.3d 383 (3d Cir. 2015).

[10] *See* Doc. 1560.

[11] FED. R. CIV. P. 54(d)(1).

[12] *Reger v. The Nemours Found., Inc.*, 599 F.3d 285, 288-89 (3d Cir. 2010) (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000)).

[13] *In re Paoli*, 221 F.3d at 468; *see also Reger*, 599 F.3d at 288.

[14] *In re Paoli*, 221 F.3d at 462-63.

### III.   Discussion

Taxable costs under Rule 54(d)(1) include those costs enumerated by Congress at 28 U.S.C. § 1920.[15]  The statute expressly includes taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."[16]  Courts within the Third Circuit have construed "electronically recorded transcripts" to include video deposition costs.[17]  Likewise, the Local Rules of Court for the Middle District of Pennsylvania contemplate taxation of such costs.[18]

The direct purchaser class and the individual purchaser plaintiffs respond jointly to defendants' motion, and the court will refer to both groups as "plaintiffs" herein.  Plaintiffs raise four principal arguments in their opposition brief: *first*, that defendants did not properly seek prior approval for video deposition costs under Local Rule of Court 54.4(3) and are thus not entitled to any reimbursement for such costs; *second*, that defendants have not demonstrated that stenographic transcripts and video depositions were individually necessary for use in the case; *third*, that a portion of the costs requested pertain to indirect end user and indirect purchaser cases and were thus not obtained for use in plaintiffs' cases; and *fourth*, that the court should exercise discretion "to allocate costs to defendants that they agreed to

---

[15] *See* 28 U.S.C. § 1920; *see also Petrunich v. Sun Bldg. Sys., Inc.*, 625 F. Supp. 2d 199, 211 (M.D. Pa. 2008).

[16] 28 U.S.C. § 1920(2).

[17] *See, e.g., Merck Sharp & Dohme Pharms. v. Teva Pharms. Indus., Ltd.*, No. 07-1596, 2010 WL 1381413, at *3-4 (D.N.J. Mar. 31, 2010); *Thabault v. Chait*, No. 85-2441, 2009 WL 69332, at *6 (D.N.J. Jan. 7, 2009); *see also Garonzik v. Diner*, 910 F. Supp. 167, 170-72 (D.N.J. Dec. 18, 1995) (construing pre-amendment § 1920(2) to include video deposition costs).

[18] *See* LOCAL RULE OF COURT 54.4(3).

bear themselves" in the indirect plaintiff actions.[19]  The court will address each argument *seriatim*.

### A.      Local Rule 54.4(3)

Local Rule 54.4(3) provides that "[f]ees for videotaped depositions may not be taxed without prior court approval."[20]  Plaintiffs tout "*prior* court approval" as the *sine qua non* of taxation of video deposition costs and maintain that defendants' motion, filed "*post factum* and concurrently with their bill of costs," does not satisfy the approval requirement.[21]  Defendants respond that the instant motion fully complies with Local Rule 54.4(3) in that it constitutes a timely request for court approval prior to taxation of costs.[22]

Plaintiffs do not explicate their vision for suitable prior approval.  Instead, plaintiffs state broadly that a request for approval filed contemporaneously with a bill of costs but prior to taxation does not satisfy the prior approval requirement.[23]  Plaintiffs assert that "[c]ourts construing nearly identical local rules have rejected a bill of costs seeking taxation of videotaped depositions without the necessary *prior* court approval for that taxation," directing the court to two district court cases for support.[24]  Neither decision supports plaintiffs' contention that defendants' instant request for approval is untimely.

---

[19]  *See* Doc. 1561 at 3-12.
[20]  LOCAL RULES OF COURT 54.4(3).
[21]  *See* Doc. 1561 at 3.
[22]  *See* Doc. 1563 at 2-3.
[23]  Doc. 1561 at 3.
[24]  *Id.* (citing *Riojas v. E. W. Express, Inc.*, No. 10-CV-286, 2012 WL 678182 (N.D. Tex. Feb. 29, 2012); *Sevenson Envtl. Servs., Inc. v. Shaw Envtl., Inc.*, 246 F.R.D. 154, 156 (W.D.N.Y. 2007)).

In *Riojas v. East West Express, Inc.*, the District Court for the Northern District of Texas sustained an objection to a bill of costs including video deposition fees in the amount of $1,150.54.[25]  Contrary to plaintiffs' assertion, *Riojas* was not based on a local rule "nearly identical" to Rule 54.4(3).  The Local Rules for the Northern District of Texas contain no comparable provision to our Rule 54.4(3); indeed, the district's rules are silent as to video depositions.[26]  Instead, *Riojas* relied on Fifth Circuit precedent observing that § 1920 "does not . . . include videotape depositions," and that "prior court approval" would be required even if the statute were interpreted to include such costs.[27]  The district court disallowed the plaintiff's request for video deposition costs chiefly because the Fifth Circuit did not interpret § 1920(2) to permit recovery of such costs and secondarily because plaintiff did not request prior approval.[28]  Moreover, the *Riojas* decision was predicated on case law predating the 2008 expansion of § 1920(2) to include "printed *or* electronically recorded transcripts."[29]  After the 2008 amendment, courts in the Fifth Circuit have routinely permitted recovery of video deposition costs.[30]

Plaintiffs' reliance on *Sevenson Environmental Services, Inc. v. Shaw Environmental, Inc.* fares moderately better.  In *Sevenson*, the District Court for the

---

[25]  *Riojas*, 2012 WL 678182, at *3.

[26]  *See* N.D. TEX. LOCAL CIVIL RULES R. 54.1.

[27]  *Riojas*, 2012 WL 678182, at *3 (quoting *Migis v. Pearle Vision, Inc.*, 944 F. Supp. 508, 518 (N.D. Tex. 1996), *aff'd in relevant part*, 135 F.3d 1041, 1049 (5th Cir. 1998)).

[28]  *See id.*

[29]  *See Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 976 (S.D. Tex. 2011) (emphasis added) (quoting 28 U.S.C. § 1920(2); *S&D Trading Acad., LLC v. AAFIS, Inc.*, 336 F. App'x 443, 450-51 (5th Cir. 2009)).

[30]  *See, e.g., id.* at 977-78; *Nilesh Enters., Inc. v. Lawyers Title Ins. Corp.*, No. 08-CV-662, 2010 WL 2671728, at *3 (W.D. Tex. July 1, 2010).

Western District of New York sustained a plaintiff's objection to a defense bill of costs which included costs associated with videotaping certain depositions.[31]  The court noted that its decision was guided entirely by its local rules, which provided that "any additional costs incurred in videotaping a deposition may not be taxed without a prior order of the Court allowing, or upon agreement of the parties for taxation of, such costs."[32]  The prevailing party never sought approval of its request for video deposition costs, and the court disallowed taxation for lack of prior authorization.[33]

Neither case supports plaintiffs' intimation that approval must predate the filing of a bill of costs, or even the deposition itself.  Instead, both decisions support the logical conclusion that when prior approval of costs is required, and approval is not sought whatsoever, the Clerk of Court may not tax video deposition costs.  The decisions are merely consistent with Local Rule 54.4(3)—they do not restrict the timing for approval in the manner plaintiffs suggest.

Dual interests of judicial economy and efficiency support a construction of Local Rule 54.4(3) which allows a prevailing party to seek judicial approval of video deposition costs by separate motion filed after entry of judgment but before the Clerk of Court taxes costs.  These principles, in conjunction with the Federal Rules of Civil Procedure, counsel against plaintiffs' suggestion that approval must be sought before a party takes a video deposition.  Such an interpretation would require a court to determine the propriety of costs before they are incurred, before

---

[31]  *See Sevenson*, 246 F.R.D. at 156.

[32]  *Id.* (citing W.D.N.Y. LOCAL RULES OF CIVIL PROCEDURE R. 54(c)).

[33]  *Id.*

their necessity can be measured, and before the prevailing party is identified, placing a considerable and unwarranted burden on the parties and the court. To hold otherwise would reinstate a process of prior approval for non-stenographic depositions, a requirement purposefully eliminated by 1993 amendments to the Federal Rules.[34]

The simplest construction is often the correct one. The plain text of Rule 54.4(3) provides only that the Clerk may not tax video deposition costs which have not been authorized by the presiding judge.[35] The instant motion complies with the requirements of that rule by seeking judicial approval of video deposition costs prior to taxation.

### B.    Taxing Both Video Depositions and Stenographic Transcripts

Plaintiffs argue that defendants "are entitled to taxation of costs for printed *or* electronically recorded transcripts, [but] not both," offering a thin line of district court decisions as support for its proposition.[36] These decisions, and plaintiffs'

---

[34]  *See* FED. R. CIV. P. 30(a)(2), advisory committee notes to 1993 amendment. The court additionally disagrees with plaintiffs' suggestion that judicial approval must predate the prevailing party's bill of costs. Local Rules of Court require a prevailing party to file its bill of costs within thirty (30) days after entry of judgment. *See* LOCAL RULE OF COURT 54.3. This narrow window precludes any possibility of judicial approval through formal motion practice after entry of judgment.

[35]  *See* LOCAL RULE OF COURT 54.4(3).

[36]  Doc. 1561 at 5 (citing *Lift Truck Lease & Serv., Inc. v. Nissan Forklift Corp., N. Am.*, 4:12-CV-153, 2013 WL 6331578, at *2 (E.D. Mo. Dec. 5, 2013); *Stevens v. D.M. Bowman, Inc.*, No. 07-2603, 2009 WL 117847, at *4 (E.D. Pa. Jan. 15, 2009); *United States v. Davis*, 87 F. Supp. 2d 82, 88 (D.R.I. 2000)).

inceptive argument, rely on the use of a disjunctive "or" rather than a conjunctive "and" in § 1920(2).[37]

A more robust—and more persuasive—line of cases reveals a modern trend that permits a prevailing party to recover *both* stenographic transcription and video deposition costs if that party can demonstrate that each was reasonably and individually necessary for use in the case.  The Third Circuit Court of Appeals has not yet addressed this issue, but a number of other circuit courts have expressly endorsed the view that a party may recover the costs of both video depositions and stenographic transcripts when each is individually necessary for use in the case.[38] District courts within the Third Circuit and elsewhere have also adopted this approach.[39]

To the extent plaintiffs argue that Congress's use of the word "or," instead of "and," necessarily means that a prevailing party may never recover both costs, the

---

[37]  *See* 28 U.S.C. § 1920(2); *see also Duchesneau v. Cornell Univ.*, No. 08-4856, 2015 WL 619609, at *4 (E.D. Pa. Feb. 11, 2015).

[38]  *See Stanley v. Cottrell, Inc.*, 784 F.3d 454, 466-67 (8th Cir. 2015); *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1370 (Fed. Cir. 2011); *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2007); *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005), *abrogated on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, ___ U.S. ___, 132 S. Ct. 1997 (2012); *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 448-49 (4th Cir. 1999); *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477-79 (10th Cir. 1997).

[39]  *See Mylan Inc. v. SmithKline Beecham Corp.*, No. 10-4809, 2015 WL 1931139, at *8 (D.N.J. Apr. 28, 2015); *Duchesneau*, 2015 WL 619609, at *5; *Warner Chilcott Labs. Ireland Ltd. v. Impax Labs., Inc.*, No. 09-2073, 2013 WL 1876441, at *5 (D.N.J. Apr. 18, 2013); *Merck*, 2010 WL 1381413, at *3; *Pharm. Res., Inc. v. Roxane Labs., Inc.*, No. 03-3357, 2008 WL 2951173, at *5 (D.N.J. July 25, 2008); *see also State Farm Fire & Cas. Co. v. King Sports, Inc.*, 841 F. Supp. 2d 1317, 1320 (N.D. Ga. 2012) (collecting cases); *Ramonas v. W.V. Univ. Hosps.-East, Inc.*, No. 08-CV-136, 2010 WL 3282667, at *8 (N.D. W. Va. Aug. 19, 2010); *Farnsworth v. Covidien, Inc.*, No. 08-CV-1689, 2010 WL 2160900, at *2 (E.D. Mo. May 28, 2010).

court disagrees.  In *Higgins v. Potter*, the District Court for the District of Kansas dismissed this same argument, describing the statute's use of disjunctive language as "merely a recognition by Congress that depositions can be recorded by both stenographic and non-stenographic means rather than a limitation on the scope of taxable costs."[40]  The undersigned agrees with this logical construction, which is consistent with a "strong presumption" in favor of awarding costs.[41]  Accordingly, the court joins the extensive line of federal district and appellate courts which hold that a prevailing party may recover both stenographic transcription and video deposition costs as long as that party can demonstrate that each was individually necessary for use in the case.

### C.      Reasonable Necessity

Plaintiffs argue that defendants have not established individual necessity for videotaping *any* of the depositions included in their bills of costs.  With respect to the bulk of the video costs claimed by defendants, the court is constrained to agree. In support of the instant motion, defendants rely exclusively on the complexity of this multidistrict litigation in broadly asserting that *every* deposition needed to be recorded in both formats.[42]  Defendants cite witness availability and credibility concerns as their primary rationales for dual recordation of most depositions.[43] Defendants note specifically that during discovery, and especially prior to class certification, there was "substantial uncertainty" as to whether these ninety-one

---

[40]  *Higgins v. Potter*, No. 08-CV-2646, 2011 WL 3667097, at *2 (D. Kan. Aug. 22, 2011) (collecting cases holding same).

[41]  *See Reger*, 599 F.3d at 288-89.

[42]  Doc. 1528-3 at 3-7; Doc. 1563 at 4-6.

[43]  Doc. 1528-3 at 3-7; Doc. 1563 at 4-6.

consolidated actions would ultimately be remanded to the transferor courts for separate trials.[44] For these reasons, defendants maintain that it was both reasonable and necessary to record many depositions by video as well as stenographic transcript.

The court measures reasonable necessity of costs "in light of a particular situation existing at the times they were taken."[45] When, as here, a prevailing party seeks taxation of costs "for both video transcripts and stenographic transcripts . . . , there must be an individual showing of the necessity of each for use in the case."[46] As one court has explained, "[n]ecessity for use at trial means more than for convenience of the party or duplication."[47] The party seeking taxation must offer some "cogent reason" for recording the same deposition testimony in alternative formats.[48]

Defendants offer little assistance to the court in gauging the necessity of recording more than 140 depositions in both printed and electronic format. Counsel's submitted declarations merely enumerate witness names and the cost associated with each video deposition service, without reference to the witness's usefulness to the case or identifying the particular need for both video and stenographic services. Neither do their bills of costs aid the court's analysis. The

---

[44] *See* Doc. 1528-3 at 3-7; Doc. 1563 at 4-6; *see also* 28 U.S.C. § 1407(a).

[45] *Thabualt*, 2009 WL 69332, at *7 (quoting *Datascope Corp. v. SMEC, Inc.*, No. 81-3948, 1988 WL 98523, at *3 (D.N.J. Sept. 15, 1988)).

[46] *Duchesneau*, 2015 WL 619609, at *4 (citing *Pharm. Res.*, 2008 WL 2951173, at *5).

[47] *Pharm. Res.*, 2008 WL 2951173, at *5 (citing *Cherry*, 186 F.3d at 449).

[48] *Warner Chilcott Labs. Ireland Ltd. v. Impax Labs., Inc.*, No. 08-6304, 2013 WL 1716468, at *5 (D.N.J. Apr. 18, 2013).

joint index supporting defendants' respective bills identifies the basic purpose for each deposition but is silent as to the necessity of recording each in both formats.[49] Other than a blanket suggestion that *every* deposition must be videotaped in complex and lengthy litigation, defendants provide no basis for an individualized reasonableness assessment.[50]  Plaintiffs encourage the antipodal result, arguing that defendants' failure to elucidate the individual necessity of any video deposition compels denial of the motion *in toto*.

The court is mindful of the "strong presumption" in favor of awarding costs to a prevailing party.[51]  The court is also cognizant of the practical reality that, under the uniquely complex circumstances of this protracted and multifaceted litigation, *some* video depositions were likely necessary for use in the case.  Hence, despite the lack of particularity in defendants' motion, the court will exercise its discretion to allow recovery of both video and stenographic transcript costs for witnesses whose usefulness to the case is pellucid from the record.  Those witnesses include the deponents whose video testimony was played for the court during a three-day class certification hearing in November of 2011; their utility is demonstrated by the fact of prior use alone.  The court will also authorize taxation of video deposition and stenographic transcript costs for the parties' various experts.  At trial, credibility of these witnesses would have been especially critical to the jury's consideration of the evidence.  Video depositions allow the jury to assess credibility more readily than a paper transcript and "preserve the testimony of

---

[49] *See* Doc. 1525-2.
[50] Doc. 1528-3 at 3-4.
[51] *Reger*, 599 F.3d at 288-89 (quoting *In re Paoli*, 221 F.3d at 462).

witnesses who may be unavailable to testify at trial," particularly "experts with scheduling conflicts."[52]  Given the anticipated length of the litigation and the initial uncertainty as to how these consolidated matters would proceed, it was reasonable to preserve such key witness testimony in multiple forms.

The court will authorize the Clerk of Court to tax both video deposition and stenographic transcript costs for the following witnesses:  Robert D. Tollison, James T. McClave, Christopher A. Vellturo, Peter E. Rossi, Robert C. Marshall, Paul Minger, Gail Hatem, Michael Tolkowsky, Alan Craig, Timothy Erceg, Jon Dickman, Moodie Corcetti, and Valerie Stansfield.  The court calculates total taxable video deposition costs as follows: $9,619.50 to Nestlé, $7,433.75 to Mars, and $4,503.50 to Hershey, for a total of $21,556.75.  For all other witnesses, defendants may elect to request taxation of *either* video deposition *or* stenographic transcription services, but not both.  The court will grant defendants fourteen days to file amended bills of costs reflecting their respective elections, consistent with this memorandum.

### C.    Equitable Apportionment of Costs

Plaintiffs' remaining arguments appeal to the court's equitable discretion to reduce costs.  Plaintiffs request that the court (1) disallow costs related exclusively to the indirect end user and indirect purchaser for resale plaintiffs' cases and (2) apportion costs to defendants which they agreed to bear themselves in settlement stipulations with the indirect end user and indirect purchaser for resale plaintiffs.[53]  Each request is resolved by the court's disposition *supra* of plaintiffs' necessity and

---

[52] MANUAL FOR COMPLEX LITIGATION § 11.452 (4th ed. 2004).
[53] *See* Doc. 1561 at 7-12.

reasonableness arguments.  The court has authorized taxation of video deposition *and* stenographic transcript services for only thirteen of more than 140 depositions identified by defendants, and those thirteen witnesses were each used in and central to the instant plaintiffs' class certification and merits arguments.  The court does not award video deposition costs for witness testimony obtained primarily for use in the indirect end user and indirect purchaser for resale cases; hence, the court is not authorizing taxation of costs that defendants agreed to bear themselves in stipulations with those plaintiff groups.  The court will thus deny plaintiffs' closing request to reduce the total award of video deposition costs by fifty percent.

## IV.   <u>Conclusion</u>

The court will grant in part and deny in part defendants' joint motion for video deposition costs as described herein.  An appropriate order shall issue.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania


Dated:       December 11, 2015