# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: CHOCOLATE CONFECTIONARY ANTITRUST LITIGATION | : MDL DOCKET NO. 1935<br>: (Civil Action No. 1:08-MDL-1935)<br>:<br>: (Chief Judge Conner) |
| THIS DOCUMENT APPLIES TO ALL INDIVIDUAL PLAINTIFF CLAIMS (EXCEPT FOR ASSOCIATED WHOLESALE GROCERS) | :<br>:<br>:<br>:<br>: |

## **ORDER**

AND NOW, this 1st day of May, 2017, upon consideration of the Clerk of Court's taxation (Doc. 1570) of costs *sub judice*, wherein the Clerk taxed jointly and severally against the direct purchaser plaintiffs and the individual purchaser plaintiffs ("individual plaintiffs") costs to be awarded to defendants as follows: to The Hershey Company and Hershey Canada, Inc. (collectively "Hershey"), in the amount of $108,522.06; to Nestlé U.S.A., Inc. ("Nestlé"), in the amount of $105,572.90; and to Mars, Inc., and Mars Snackfood U.S. LLC (collectively "Mars"), in the amount of $170,356.53; and further upon consideration of the individual plaintiffs' objections (Doc. 1574) to the Clerk's taxation,[1] wherein the individual plaintiffs do not dispute any aspect of the Clerk's disallowances, allowances, or ultimate calculation, but instead request that the court exercise its equitable discretion to reduce the total award by half to account for the fact that two other plaintiff groups—the indirect end users and indirect purchasers for retail (collectively "indirect plaintiffs")—entered into stipulations with defendants

---

[1] The direct purchaser plaintiffs do not object to the Clerk's taxation.

wherein the indirect plaintiffs agreed to dismiss their claims to facilitate the individual plaintiffs' appeal of the court's Rule 56 ruling in favor of defendants, (see id. at 3-7; see also Docs. 1513, 1515), and wherein both defendants and the indirect plaintiffs agreed to bear their own costs, (see Doc. 1574 at 3-7; see also Docs. 1513, 1515), and the court observing that the Federal Rules of Civil Procedure provide that costs "should be allowed to the prevailing party . . . [u]nless a federal statute, these rules, or a court order provides otherwise," FED. R. CIV. P. 54(d)(1), and that Rule 54(d)(1) establishes a "strong presumption," in favor of awarding such costs, Reger v. The Nemours Found., Inc., 599 F.3d 285, 288-89 (3d Cir. 2010) (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000)), but that a court may, in its discretion, reduce or deny costs, so long as the court "articulate[s] reasons within the bounds of its equitable power" for doing so, In re Paoli, 221 F.3d at 468; see also Reger, 599 F.3d at 288, and further observing that, although the "default rule" in cases with multiple parties is that costs be imposed jointly and severally, In re Paoli, 221 F.3d at 469, a court may disaggregate costs and impose them individually among losing parties when equity so demands, see id., and that it is the losing party's burden to "introduce evidence and persuade the court that costs should be apportioned," id., and the court finding that the individual plaintiffs fail to justify an equitable departure from the default rule in this circuit, see In re Paoli, 221 F.3d at 469, nor have they adduced any evidence tending to support that their requested fifty percent reduction in fact corresponds to the taxable costs incurred, cf. *In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94-C-897, 1999 U.S. Dist.

LEXIS 14705, at *5-7 (N.D. Ill. Aug. 31, 1999),[2] or otherwise indicating "that [the] costs could be connected—to a greater or lesser degree—with any of the particular" plaintiff groups, In re Paoli, 221 F.3d at 470, and the court noting that the Clerk's award of costs has limited defendants' bills by denying taxation for depositions conducted "primarily for use in" the indirect plaintiffs' cases, (Doc. 1570 at 3, 7-9),

---

[2] The court in In re Prescription Drugs rejected an argument by a group of antitrust class plaintiffs that the court ought to reduce costs by thirty-five percent (35%). The class plaintiffs asserted, apparently on the basis of market share ratios, that 35% was a representative benchmark for costs properly attributed to the cases of opt-out plaintiffs. Id. at *5. The court rejected this argument, adhering strictly to the "strong presumption" favoring cost awards and finding that the "arbitrary number" offered by the class plaintiffs was unsupported by evidence correlating costs to claims. Id. at *5-7. In re Pharmaceutical Drugs accords with the Third Circuit's edict that the losing party bears the burden of proving that a requested reduction is warranted. See In re Paoli, 221 F.3d at 469.

The individual plaintiffs cite Johnson v. Allstate Insurance Co., No. 07-CV-781, 2012 WL 4936598 (S.D. Ill. Oct. 16, 2012), to support an equitable reduction. Four years into the Johnson litigation, nine of eleven plaintiffs stipulated to dismiss their claims with prejudice with each party to bear their own costs. Id. at *1. Just four months later, the remaining two plaintiffs moved to dismiss their claims. Id. The court granted the motion on the condition that Allstate could seek costs. Id. The court ultimately reduced taxable costs by 9/11ths, determining that the "two remaining [plaintiffs] should not be left holding the bag when Allstate stipulated to the dismissal of nine other [plaintiffs] only four months before [the remaining plaintiffs] sought dismissal." Id. at *10. The decision in Allstate was motivated by (1) the similar nature and temporal proximity of all plaintiffs' dismissals (which sought and achieved nearly identical dispositions only four months apart) and (2) the inequity of taxing $122,188.08 in costs to two indigent plaintiffs when nine others escaped costs simply by dismissing their claims at an earlier date. See id. The instant matter is distinguishable on both counts. First, the individual plaintiffs constrained defendants to litigate a complex appeal, as was their right; the indirect plaintiffs, however, agreed to dismiss their claims to facilitate efficient resolution of the case. Second, the individual plaintiffs do not claim indigence. Unlike Johnson, the losing parties together (the individual plaintiffs and direct purchaser plaintiffs) are sufficiently large in number that joint and several liability will adequately dilute the taxation award. Johnson's approach is inapplicable under these circumstances.

3

mitigating in large part the perceived inequity cited by the individual plaintiffs, and the court thus resolving that equity does not compel a reduction by half of the Clerk's taxation of costs, it is hereby ORDERED that the individual plaintiffs' objections (Docs. 1574) to the Clerk's taxation of costs are OVERRULED.

        /S/ CHRISTOPHER C. CONNER  
Christopher C. Conner, Chief Judge  
United States District Court  
Middle District of Pennsylvania